**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOEL GOMEZ, | No. 11-16961 |
| Petitioner - Appellant, | D.C. No. 1:10-cv-00417-AWI-DLB |
| v. | |
| KELLY HARRINGTON, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Submitted April 16, 2013[**]
San Francisco, California

Before: GOODWIN, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

Petitioner Joel Gomez appeals the denial of his 28 U.S.C. § 2254 habeas corpus

petition. We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review denial of a habeas petition de novo. *Parker v. Small*, 665 F.3d 1143, 1147 (9th Cir. 2011). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner is entitled to relief where he is in state custody as the result of "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "Because the Supreme Court has treated the question whether a competency hearing is required as an issue of fact," this circuit has analyzed these decisions as "a potentially unreasonable determination of the facts." *Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000). We "must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004).

California law requires that, after an initial finding of competency, a second hearing is required only "if the evidence discloses a substantial change of circumstances or new evidence is presented casting serious doubt on the validity of the prior finding." *People v. Medina*, 11 Cal. 4th 694, 734 (1995). In light of the deference due under AEDPA, we cannot say the California Court of Appeal unreasonably determined that Gomez was not due a second competency hearing.

**AFFIRMED.**